ALMA BRADY *vs.* HAROLD L. COLLOM AND RAYMOND LUFT.

JULY 27, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of the case brought against two physicians to recover damages alleged, in the plaintiff's declaration, to have been caused to her by testimony which was wrongfully given by them at a hearing before a district court in this state and in consequence of which she was committed to and kept under restraint in a hospital for mental diseases by warrant of that court. A demurrer to each of the four counts of the declaration was sustained by a decision of the superior court; and the case is now before us on the plaintiff's exception to this decision.

In the first count of her declaration she alleges that the defendants were practicing physicians, duly licensed, and that they, "contriving and wrongfully, wickedly and unjustly intending to injure her and to deprive her of her comfort, fellowship, society and freedom", did, without reasonable or probable cause and without having fully examined her, testify before a justice of the district court, and pronounced her insane, so as to be dangerous and to require restraint; and that as a direct result of that testimony the justice of that court, believing their testimony to be true, ordered her to be committed to such hospital, where she was restrained for a considerable period. There is no allegation in that count that, when it was so ordered by the court, she was not insane.

Each of the other three counts of the declaration is similar to the first, except in the following important particulars. In none of the three is there any allegation of any wrongful intent on the part of either of the defendants. But there are allegations that it was their duty to use reasonable care and their best judgment in testifying as to the plaintiff's mental condition; that, in disregard of that duty, they testified before the justice of the district court and pronounced her insane and dangerous and in need of restraint, without having fully examined her; and "that all the while she was not insane."

It is clear from the declaration, and from language in the plaintiff's brief, that the proceedings before the district court were under and in accordance with the provisions of general laws 1938, chapter 71, § 1; and there is no allegation in the declaration to the effect, or from which an inference can be drawn, that either of the defendants had anything to do with the institution of the proceedings in that court or that they had any part in those proceedings except as witnesses. Nor is there any allegation of conspiracy between the defendants.

The plaintiff's counsel admit, in their brief, that they have not been able to find any precedent covering this case; but they argue that "the necessities of the cause lead to the conclusion that for such a wrong, the law ought to afford a remedy." The only case which they cite as giving support to any of their contentions is *Ayers* v. *Russell,* 50 Hun. 282, 3 N. Y. Supp. 338. But there it appears that the proceedings which had been instituted before the recorder, who had jurisdiction over the matter, were summary in character and *had been instituted upon the certificates* of the two physicians who were the defendants in the action later brought by the man whom they had certified to be insane.

Those proceedings were under a statute which provided that upon such a sworn certificate the person thus certified by two physicians to be a lunatic could be confined, upon an order of a recorder, for not more than five days unless a judge of a court of record should approve that order; and in

the *Ayers* case it was proved that after the proceedings before the recorder the plaintiff had exercised his right to appear before a court of record and had been adjudged by that court to be sane.

In that case it was held by a supreme court decision, rendered by two judges, with one judge dissenting, that upon the above facts and a finding that the defendants, who had been found guilty of negligence in failing to exercise due care and skill in certifying as they had that the plaintiff was insane, the plaintiff could recover damages resulting to him from their negligent conduct. It seems clear to us that even the majority opinion does not support the validity of any of the counts of the plaintiff's declaration in the instant case. The principal reason for this conclusion by us is that in the former case the original proceedings to have the man, who was later the plaintiff in the law action to recover damages, put under temporary restraint on the ground of insanity were *instituted* upon the certificates of the defendants in that action.

Therefore, there was some force in the contention that the case against them was at least very closely analogous to one for malicious prosecution, while in the instant case the defendants are alleged only to have been witnesses in a hearing before a judicial tribunal, in which the plaintiff in the instant case had an opportunity to be heard and to introduce evidence.

We are therefore of the opinion that the defendants' demurrer to each count of the declaration was properly sustained by the trial justice.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Arthur N. Votolato, Albert R. Tavani,* for plaintiff.

*Edward L. Godfrey, Kingsley, Reynolds & Kingsley,* for defendants.